IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

MICHAEL SEWARD and )
MIRANDA SEWARD, )
 )
    Plaintiffs, )
 )
vs. )  No. CIV-18-116-D
 )
SMITH & WESSON CORP.; )
AMERICAN OUTDOOR BRANDS )
CORPORATION, formerly known as )
SMITH & WESSON HOLDING )
CORPORATION; and )
EZPAWN OKLAHOMA, INC., )
 )
    Defendants. )

## AMENDED COMPLAINT

COME NOW the Plaintiffs, Michael Seward and Miranda Seward, (collectively referred to as "Plaintiffs"), by and through their attorneys of record, Joe E. White, Jr. and Charles C. Weddle III of White & Weddle, P.C., and R. Ryan Deligans of Durbin, Larimore & Bialick, and, for their causes of action against the Defendants, Smith & Wesson Corp. (hereafter referred to as "S&W"), American Outdoor Brands Corporation, formerly known as Smith & Wesson Holding Corporation (hereafter referred to as "AOBC"), and EZPawn Oklahoma, Inc. (hereafter referred to as "EZPawn"), allege and state as follows:

1. Plaintiffs were at all times herein citizens of the State of Oklahoma.

2. Upon information and belief, "S&W" was at all times material herein a foreign corporation organized and existing under the laws of the State of

Delaware, with its principal place of business located at 2100 Roosevelt Avenue, Springfield, Massachusetts, 01104, and is licensed to do business in the State of Oklahoma.

3.     Upon information and belief, "AOBC" was at all times material herein a foreign corporation organized and existing under the laws of the State of Nevada, with its principal place of business located at 2100 Roosevelt Avenue, Springfield, Massachusetts, 01104, and is licensed to do business in the State of Oklahoma.

4.     Upon information and belief, Defendants S&W and AOBC can be served through their registered service agent for process, Registered Agent Solutions, Inc., 1406 Terrance Drive, Tulsa, Oklahoma  74104.

5.     Upon information and belief, "EZPawn" was at all times material herein a foreign corporation organized and existing under the laws of a the State of Delaware, with its principal place of business located at 2500 Bee Care Road, Building One, Suite 200, Rollingwood, Texas, 78746, and is licensed to do business in the State of Oklahoma.[1]

6.     Upon information and belief, "EZPawn" can be served through its registered service agent for process, The Corporation Company, 1833 S. Morgan Road, Oklahoma City, Oklahoma  73128.

---

[1] "EZPawn" is a wholly-owned subsidiary of EZCORP, Inc. which is also organized under the laws of the State of Delaware with it principal place of business located at 1901 Capital Parkway, Austin, Texas  78746.

7.     Upon information and belief, at all times material herein, Defendants S&W and AOBC controlled the design, manufacture, distribution, and sale of the I-bolt 270 caliber rifle, serial number ("SN") IBR4617 (hereafter "Rifle"), that was used by the Plaintiff, Michael Seward, on December 25, 2016.

8.     Upon information and belief, EZPawn sold the "Rifle" to the Plaintiffs on December 6, 2016, at Store #30109, 1317 U.S. Highway 81 in Duncan, Oklahoma  73533.

9.     That on or about December 25, 2016, the Plaintiff, Michael Seward, was seriously injured when the "Rifle" unexpectedly fired without the trigger being pulled.

10.     Due to the acts or omissions on the part of the Defendants as alleged herein, Plaintiffs have been severely damaged.

11.     The matter sued on herein occurred in Stephens County, State of Oklahoma.

12.     That the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00).

13.     Jurisdiction is proper pursuant to 28 U.S.C. §1332.

## FIRST CAUSE OF ACTION

**CLAIMS FOR MANUFACTURERS' PRODUCT LIABILITY AND
MANUFACTURERS' LIABLITY FOR FAILURE TO WARN
AS TO DEFENDANTS S&W AND AOBC**

14.     Plaintiffs adopt and incorporate herein paragraphs 1 through 13 above and further allege and state as follows:

15.     Upon information and belief, Defendants S&W and AOBC were in the business of designing, manufacturing, constructing, testing, labeling, distributing, and selling the "Rifle" that was used by the Plaintiff, Michael Seward, on December 26, 2016.

16.     Defendants S&W and AOBC controlled the design, engineering, manufacturing, construction, testing, labeling, distribution, and sale of the "Rifle" in their ordinary course of business.

17.     The "Rifle" and/or component part(s) thereto was defectively designed, developed, engineered, fabricated, assembled, manufactured, tested, labeled, advertised, marketed, promoted, sold, distributed, delivered, and/or supplied by Defendants S&W and AOBC.

18.     Upon information and belief, Defendants S&W and AOBC had received complaints of similar rifles unexpectedly firing without the trigger being pulled as alleged in paragraph 9 above.  That such a complaint or occurrence of a "Rifle" or similar rifles unexpectedly firing without the trigger being pulled as alleged in paragraph 9 above constitutes an unreasonably dangerous or hazardous condition to person and property.

19.     At all times relevant hereto, Defendants S&W and AOBC knew or, through the exercise of reasonable care, should have known that the "Rifle" and/or component part(s) thereof which they designed, developed, engineered, fabricated, assembled, manufactured, tested, labeled, advertised, marketed, promoted, sold, distributed, delivered, and/or supplied was not safe for its intended and/or

reasonably foreseeable use because it was, among other things, not reasonably safe due to its unexpectedly firing without the trigger being pulled as alleged in paragraph 9 above.

20.    That as a result of the accident alleged in paragraph 9 above, the "Rifle" failed to properly function as intended or as reasonably expected due to, among other things, unexpectedly firing without the trigger being pulled which caused or contributed to Plaintiffs' injuries.

21.    The directions, instructions, and warnings related to the "Rifle" provided by Defendants S&W and AOBC are inadequate and not of a nature that an ordinary user would expect, thus rendering the "Rifle" defective.

22.    At no time did Plaintiff Michael Seward misuse the "Rifle."

23.    At no time did Plaintiff Michael Seward knowingly or voluntarily assume the risk of any potential harm associated with the use of the "Rifle" for the purpose for which it was intended.

24.    The "Rifle," at the time it left the possession of Defendants S&W and AOBC, was inherently dangerous for its intended use and was not fit for its intended purpose, which presented and constituted an unreasonable danger or risk of harm and injury to a person who used, consumed, or might reasonably be expected to be affected by the "Rifle," including the Plaintiffs, as follows:

    (a)    The "Rifle" failed to adequately function;

    (b)    The "Rifle" was improperly tested, studied, researched, evaluated, designed, engineered, manufactured, assembled, constructed, inspected, labeled, distributed, marketed, or

otherwise prepared for use and sold by Defendants S&W and AOBC prior to the "Rifle" being placed in the stream of commerce;

(c)     The "Rifle" was defectively designed, engineered, manufactured, constructed, and/or assembled;

(d)     The "Rifle" was not reasonably fit for its ordinary purpose as an ordinary consumer would expect; and

(e)     The "Rifle" unexpectedly fired without the trigger being pulled during ordinary use by the consumer and said ordinary use was reasonably expected by Defendants S&W and AOBC.

25.     That Defendants S&W and AOBC approved and/or certified that the "Rifle" at issue was fit for its intended purpose when, in fact, the "Rifle" was defective or otherwise unreasonably dangerous.

26.     Upon information and belief, Defendants S&W and AOBC knew or should have known that the "Rifle" was unreasonably dangerous or otherwise defective based upon similarly situated rifles unexpectedly firing without the trigger being pulled.

27.     That Defendants S&W and AOBC failed to adequately warn, advise, or otherwise notify the Plaintiff, Michael Seward, of precautions required and/or risks associated with use of the "Rifle."

28.     That the defect(s) in the "Rifle" caused or contributed to the Plaintiffs' severe personal injuries.

29.     That Defendants S&W and AOBC were willfully and grossly in violation of their duties.

30.     That as a proximate cause of the negligent acts or omissions of Defendants S&W and AOBC, the Plaintiffs have suffered and continue to suffer actual damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), including, but not limited to, medical expenses, permanent physical impairment and disfigurement, mental and physical pain and suffering, and economic losses.

31.     That the Plaintiffs pray for actual and punitive damages for their manufacturers' product liability claims in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) against Defendants S&W and AOBC and for attorney fees, interest, costs, and such other relief as this Court deems just, proper, and right.

## SECOND CAUSE OF ACTION

**CLAIMS FOR GENERAL NEGLIGENCE,
NEGLIGENT DESIGN AND MANUFACTURING,
AND NEGLIGENT FAILURE TO WARN
AS TO DEFENDANTS S&W, AOBC, AND EZPAWN**

32.     Plaintiffs adopt and incorporate herein paragraphs 1 through 31 above and further allege and state as follows:

33.     That Defendants S&W and AOBC were negligent in performing their necessary due diligence to assure consumers that the "Rifle" was safe for use.

34.     That the "Rifle" was negligently and/or carelessly tested, studied, researched, evaluated, designed, engineered, manufactured, assembled, installed,

constructed, inspected, distributed, marketed, or otherwise prepared for use and sold by Defendants S&W and AOBC.

35.     That Defendants S&W and AOBC negligently designed, engineered, manufactured, constructed, installed, distributed, sold, and/or serviced the "Rifle."

36.     That Defendants S&W and AOBC were negligent in failing to identify or detect the hazardous condition of the "Rifle.

37.     That Defendants S&W and AOBC knew or should have known of the hazardous condition of the "Rifle," but were negligent by failing to recall the "Rifle."

38.     That Defendants S&W and AOBC were also negligent by breaching their duty to use ordinary care to ensure that the "Rifle" was reasonably safe for use; thus, Defendants S&W and AOBC and/or any and all of their employees negligently, carelessly, willfully, and/or intentionally failed to provide a reasonably safe "Rifle" for the Plaintiffs.

39.     That the "Rifle" was negligently and/or carelessly tested, studied, researched, evaluated, designed, engineered, manufactured, assembled, installed, constructed, inspected, labeled, distributed, marketed, or otherwise prepared for use and sale by Defendants S&W and AOBC.

40.     That Defendants S&W and AOBC and/or any and all of their employees negligently, carelessly, willfully, and/or intentionally failed to warn the Plaintiffs of the dangerous condition then and there existing when Defendants S&W and AOBC knew or, in the exercise of ordinary care, should have known

that said warning was necessary to prevent injury to the Plaintiffs.  Specifically, this includes their failure to adequately warn, advise, or otherwise notify the Plaintiffs of precautions required and/or risks associated with use of the "Rifle," including, but not limited to, similarly situated rifles previously being recalled. Moreover, they failed to advise the Plaintiffs that the primary purpose of the recall was because similarly situated rifles were unreasonably dangerous or otherwise defective due to the bolt and/or engagement mechanism allowing the rifles to unexpectedly fire without the trigger being pulled.

41.  The negligence, carelessness, and recklessness of Defendants S&W and AOBC consisted, among other things, of the following acts and/or omissions:

(a)  Failing to use reasonable care in the design, manufacture, labeling, advertising, marketing, promotion, sale, distribution, delivery, and supply of the "Rifle";

(b)  Advertising, marketing, promoting, selling, labeling, distributing, delivering, supplying, servicing, maintaining, designing, manufacturing, and/or preparing the "Rifle" in a condition that permitted or allowed it to unexpectedly fire without the trigger being pulled;

(c)  The "Rifle" was constructed of improper or inappropriate materials given the conditions under which the "Rifle" was intended to be used;

(d)  Advertising, marketing, promoting, selling, distributing, delivering, and/or supplying an unsafe "Rifle";

(e)  Inadequately assessing the risk of injuries or harm occurring as a result of a malfunction of the "Rifle";

(f)  Failing to adequately identify, investigate, correct, and/or mitigate the knowledge gained from prior complaints involving similar rifles unexpectedly firing without the trigger

being pulled to lessen the risk of harm to users such as the Plaintiffs;

(g)     Failing to exercise reasonable care and take adequate precautions to warn Plaintiffs and others similarly situated against the reasonably foreseeable dangers created by the "Rifle" to which Plaintiffs and others similarly situated would be exposed, but which were not obvious dangers or risks that said ordinary users would expect from foreseeable use of the "Rifle";

(h)     Providing inadequate directions, instructions, and warnings which were ambiguous in nature and failed to warn of the reasonably foreseeable dangers created by the "Rifle" and the potential risk of serious bodily injury or death associated with said dangers;

(i)     Failing to adequately warn, advise, or otherwise notify the Plaintiffs of precautions required and/or risks associated with use of the "Rifle," including, but not limited to, that the "Rifle" was unreasonably dangerous or otherwise defective based upon substantially similar prior complaints of rifles unexpectedly firing without the trigger being pulled;

(j)     Failing to warn that the "Rifle" was not safe for its intended use;

(k)     That Defendants S&W and AOBC were negligent in meeting/satisfying industry customs, standards, and/or requirements necessary for placing the "Rifle" in the stream of commerce; and

(l)     Such other acts of negligence, carelessness, and recklessness as will be determined through discovery.

42.     Defendants S&W and AOBC were negligent in failing to warn the

Plaintiffs about certain hazards they knew about or should have known about,

including, but not limited to, dangerous, unsafe, and defective condition of the

"Rifle"; thus, Defendants S&W and AOBC negligently breached their duty to

warn (negligent failure to warn claim), which is also a concurrent cause of, among other things, the injuries suffered by the Plaintiffs.

43.     That Defendant EZPawn was negligent in performing its necessary due diligence to assure consumers that the "Rifle" was safe for use.

44.     That Defendant EZPawn and/or any and all of its employees negligently, carelessly, willfully, and/or intentionally failed to provide a reasonably safe "Rifle" for the Plaintiffs.

45.     That Defendant EZPawn and/or any and all of its employees negligently, carelessly, willfully, and/or intentionally failed to warn (i.e., negligently failed to warn) the Plaintiffs of the dangerous condition then and there existing when EZPawn knew or, in the exercise of ordinary care, should have known that said warning was necessary to prevent injury to the Plaintiffs. Specifically, this includes the EZPawn's failure to adequately warn, advise, or otherwise notify the Plaintiffs of precautions required and/or risks associated with use of the "Rifle," including, but not limited to, similarly situated rifles previously being recalled. Moreover, EZPawn failed to advise the Plaintiffs that the primary purpose of the recall was because similarly situated rifles were unreasonably dangerous, hazardous, or otherwise defective due to the bolt and/or engagement mechanism allowing the rifles to unexpectedly fire without the trigger being pulled.

46.     The negligence, carelessness, and recklessness of Defendant EZPawn also consisted, among other things, of the following acts and/or

omissions:   Failing to use reasonable care in the advertising, marketing, promotion, sale, distribution, delivery, supply, service, maintenance, and/or repair of the "Rifle"; failing to adequately identify, investigate, and record the knowledge gained from prior accidents involving said "Rifle"; failing to adequately correct, mitigate, and/or prevent harm to person and property caused by the unreasonably dangerous, hazardous, or otherwise defective condition of the "Rifle" unexpectedly firing without the trigger being pulled; and such other acts of negligence, carelessness, and recklessness as will be determined through discovery.

47.   That Plaintiffs state they in no way contributed to the accident described in paragraph 9 above or otherwise caused their injuries in any way and, thus, are fault-free.

48.   That as a proximate cause of the negligent acts or omissions of the Defendants, S&W, AOBC, and EZPawn, the Plaintiffs have suffered and continue to suffer actual damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), including, but not limited to, medical expenses, permanent physical impairment and disfigurement, mental and physical pain and suffering, and economic losses.

49.   That based on Defendants S&W's, AOBC's, and EZPawn's intentional, willful, reckless, and/or gross disregard of Plaintiffs' rights, Plaintiffs are also entitled to punitive damages against Defendants S&W, AOBC, and EZPawn in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

## THIRD CAUSE OF ACTION

## LOSS OF CONSORTIUM

50.     Plaintiffs adopt and incorporate herein paragraphs 1 through 49 above and further allege and state as follows:

51.     The Plaintiff, Miranda Seward, is and, at all relevant times hereto, was married to the Plaintiff, Michael Seward.

52.     As a result of the actions and inactions of Defendants, the Plaintiff, Miranda Seward, has been injured and has lost the benefit of services, society, comfort, and/or companionship of her marriage to which she is entitled as the spouse of Plaintiff Michael Seward.

53.     Plaintiff Miranda Seward seeks actual and punitive damages for the loss of services, society, comfort, and/or companionship to her marital relationship with the Plaintiff, Michael Seward, in an amount in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

## FOURTH CAUSE OF ACTION

## BREACH OF WARRANTIES AGAINST DEFENDANTS S&W AND AOBC

54.     Plaintiffs adopt and incorporate herein paragraphs 1 through 53 above, as if more fully stated herein, and would further allege and state as follows:

55.     In designing, developing, engineering, fabricating, assembling, manufacturing, testing, maintaining, advertising, marketing, promoting, selling, distributing, delivering, supplying, and/or otherwise introducing the "Rifle" into the stream of commerce, Defendants S&W and AOBC expressly and/or impliedly

warranted that the "Rifle" was merchantable, fit, and safe for the ordinary and particular purposes for which it was supplied and that it was free from defects.

56.     Defendants S&W and AOBC expressly warranted that the "Rifle" was safe for its intended use.

57.     Defendants S&W and AOBC breached their express and implied warranties in that the "Rifle" was not merchantable, was not fit and safe for the ordinary and particular purposes for which it was supplied, and was defective.

58.     As a direct and proximate result of Defendants S&W's and AOBC's breach of express and implied warranties, Plaintiffs were seriously injured.

59.     Upon information and belief, Defendants S&W and AOBC have been provided timely notice of the defect and promptly notified of Plaintiffs' injuries.

## FIFTH CAUSE OF ACTION

## BREACH OF WARRANTIES AGAINST DEFENDANT EZPAWN

60.     Plaintiffs adopt and incorporate herein paragraphs 1 through 59 above, as if more fully stated herein, and would further allege and state as follows:

61.     In offering for sale, maintaining, advertising, marketing, promoting, selling, distributing, delivering, supplying, and/or otherwise introducing the "Rifle" into the stream of commerce, Defendant EZPawn expressly and/or impliedly warranted that the "Rifle" was merchantable, fit, and safe for the ordinary and particular purposes for which it was supplied and that it was free from defects.

62.    Defendant EZPawn expressly warranted that the "Rifle" was safe for its intended use.

63.    Defendant EZPawn breached its express and implied warranties in that the "Rifle" was not merchantable, was not fit and safe for the ordinary and particular purposes for which it was supplied, and was defective.

64.    As a direct and proximate result of the Defendant EZPawn's breach of express and implied warranties, Plaintiffs were seriously injured.

65.    Upon information and belief, Defendant EZPawn has been provided timely notice of the defect and promptly notified of Plaintiffs' injuries.

WHEREFORE, premises considered, Plaintiffs pray for judgment in their favor against each Defendant for (a) actual damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00); (b) punitive damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00); (c) Plaintiffs' prejudgment interest, costs, and a reasonable attorney fee; and (d) such other relief to which Plaintiffs may be entitled.

Respectfully submitted,

*s/ Charles C. Weddle III*
JOE E. WHITE, JR.          OBA #12930
CHARLES C. WEDDLE III       OBA #18869
WHITE & WEDDLE, P.C.
630 N.E. 63rd Street
Oklahoma City, Oklahoma  73105
(405) 858-8899
(405) 858-8844 FAX
joe@whiteandweddle.com
charles@whiteandweddle.com

and

R. RYAN DELIGANS      OBA #19793
E. EDD PRITCHETT, JR.  OBA #16118
DURBIN, LARIMORE & BIALICK
920 North Harvey
Oklahoma City, Oklahoma  73102-2610
(405) 235-9584
(405) 235-0551 FAX
dlb@dlb.net

JURY TRIAL DEMANDED        *Attorneys for Plaintiffs*
ATTORNEY LIEN CLAIMED